United States Bankruptcy Court Southern - Texas
ENTERED
01/11/2018

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| COBALT INTERNATIONAL ENERGY, INC., *et al.*,[1] | ) | Case No. 17-36709 (MI) |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Re: Docket Nos. 7, 55** |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY PREPETITION WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EXPENSES AND (B) CONTINUE EMPLOYEE BENEFITS PROGRAMS, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order") (a) authorizing the Debtors to (i) pay all prepetition and postpetition obligations on account of the Employee Compensation and Benefits in the ordinary course of business and (ii) continue to administer the Employee Compensation and Benefits, including payment of prepetition obligations related thereto, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this court having found that it may enter a final order consistent with Article III of the United States Constitution; and this court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Cobalt International Energy, Inc. (1169); Cobalt International Energy GP, LLC (7374); Cobalt International Energy, L.P. (2411); Cobalt GOM LLC (7188); Cobalt GOM # 1 LLC (7262); and Cobalt GOM # 2 LLC (7316). The Debtors' service address is: 920 Memorial City Way, Suite 100, Houston, Texas 77024.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

this court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this court (the "Hearing"); and this court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on a final basis as set forth in this Final Order.

2. The Debtors are authorized, but not directed, to continue and/or modify, change, and discontinue the Employee Compensation and Benefits and to implement new programs, policies, and benefits, in the ordinary course of business during these chapter 11 cases and without the need for further court approval, subject to applicable law.

3. The Debtors are authorized, but not directed, to pay, honor, and/or reimburse prepetition amounts outstanding under or related to the Employee Compensation and Benefits programs and the Non-Debtor Workers in the ordinary course of business and to pay any prepetition amounts in connection therewith.

4. Pursuant to section 362(d) of the Bankruptcy Code, Employees are authorized to proceed with their claims under the Workers' Compensation Program in the appropriate judicial or administrative forum and the Debtors are authorized to continue the Workers' Compensation Program and pay all prepetition amounts relating thereto in the ordinary course of business. This

modification of the automatic stay pertains solely to claims under the Workers' Compensation Program.

5. For avoidance of doubt, nothing in this Final Order shall (i) constitute authority to pay any prepetition amounts owed in connection with the Executive Severance Program, the CEO Severance Program or any Employee Incentive Payments for insiders of the Debtors; or (ii) modify or abrogate any clawback and repayment obligations of any employee with respect to payments made or to be made pursuant to and in accordance with any retention agreements between any current or former employees and the Debtors.

6. If the Debtors contemplate making any payments on account of any severance obligations or Employee Incentive Programs for non-insider Employees in excess of (i) $200,000 in the aggregate in any calendar month or (ii) $75,000 to an individual Employee, as described in the Motion, the Debtors shall provide five (5) days' advance notice to (i) the Official Committee of Unsecured Creditors (the "Committee"); (ii) the U.S. Trustee; (iii) counsel to the ad hoc group of first lien noteholders; (iv) counsel to the indenture trustee for the Debtors' first lien notes; and (v) counsel to the ad hoc group of second lien noteholders. The Debtors shall maintain a matrix of amounts paid on account of severance and the Employee Incentive Programs; *provided* that such matrix shall not include personally identifiable information of severed Employees. The Debtors shall provide a copy of such matrix to the Committee, the U.S. Trustee, counsel to the ad hoc group of first lien noteholders, counsel to the indenture trustee for the Debtors' first lien notes, and counsel to the ad hoc group of second lien noteholders once a month, beginning on February 2, 2018.

7. The Debtors shall provide five (5) days' advance notice to the Committee, U.S. Trustee, counsel to the ad hoc group of first lien noteholders, counsel to the indenture trustee for

the Debtors' first lien notes, and counsel to the ad hoc group of second lien noteholders if any individual Employee, Independent Contractor, or Temporary Staff is anticipated to receive pre-petition payments under this Final Order in excess of the priority cap set forth in section 507(a)(4) of the Bankruptcy Code, *provided*, that if the Committee and/or the U.S. Trustee objects to such payment, the Debtors shall not make such payment without further order of the Court or written consent from the Committee and/or the U.S. Trustee as applicable. For the avoidance of doubt this paragraph 6 shall not apply to severance obligations.

8. Nothing herein shall be deemed to authorize the payment of any amounts which violates section 503(c) of the Bankruptcy Code.

9. Notwithstanding anything contained in the Motion or this Final Order, any payment authorized to be made by the Debtors herein shall be subject to the terms and conditions contained in any orders entered by this Court authorizing the use of cash collateral (the "Cash Collateral Orders"). To the extent there is any conflict between this Final Order and the Cash Collateral Orders, the terms of the Cash Collateral order shall control.

10. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

11. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

12. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Employee Compensation and Benefits.

13. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

14. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

15. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

16. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

17. This court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Dated: 1/11, 2018
Houston, Texas

THE HONORABLE ~~MARVIN~~ ISGUR
UNITED STATES BANKRUPTCY JUDGE